

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| ALISHA ARDIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:25-4850-MGL-SVH |
| | § | |
| APOTHESOURCE, INC.; KRISTA | § | |
| RAMIREZ, *in her individual* | § | |
| *capacity*; MICHAEL RAMIREZ, *in* | § | |
| *his individual capacity*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DECLINING TO ADOPT THE REPORT AND RECOMMENDATION,
SUSTAINING PLAINTIFF'S OBJECTIONS TO THE REPORT,
AND GRANTING HER APPLICATION TO PROCEED IN FORMA PAUPERIS**

Plaintiff Alisha Ardis, proceeding pro se, filed this suit against Defendants Apothesource,

Inc., Krista Ramirez, and Michael Ramirez (collectively, Defendants). She asserts claims under

Title VII of the Civil Rights Act of 1964, as well as under state statutory and common law.

This matter is before the Court for review of the Report and Recommendation (the Report)

of the United States Magistrate Judge suggesting to the Court Ardis's motion to proceed in forma

pauperis be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil

Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 2, 2025.  Ardis filed Objections to the Report on July 18, 2025.

A party can qualify to proceed in forma pauperis under 28 U.S.C. § 1915(a) without being "absolutely destitute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit is sufficient "which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life."  *Id.*

Ardis objects to the Magistrate Judge's recommendation.  She disagrees with the Magistrate Judge's reliance on equity in her home.  Objections at 1-2.  In her application, she identified her only asset as "home mortgage value ~ $350,000."  The Magistrate Judge noted Ardis "appears to have significant equity in her home" because its estimated value on Zillow.com was $538,700.  Report at 4 & n.2.  Ardis asserts now, admittedly for the first time, she "is not the sole owner of the home and does not have access to any equity."  Objections at 1-2.

Construing Ardis's filings generously as a pro se litigant, and reviewing the application de novo, the Court will sustain the objection.  Although a home is a substantial asset and is correctly considered in reviewing an application to proceed in forma pauperis, the Court is unable to say equity in a home in this situation is so readily accessible it is an adequate resource as to preclude Ardis from qualifying under the statute.  As noted above, Ardis now indicates to the Court she is only a co-owner of the home, so any equity is inaccessible without the assistance of the other owner(s).

2

Moreover, in Ardis's application she reported one dependent, a fourteen-year-old daughter, and several thousand dollars of monthly expenses without any consistent source of income. The Magistrate Judge correctly questioned Ardis's income because she reported receiving self-employment income without specifying how much income she receives. Report at 2. In Ardis's Objections, however, she explains her "minimal income" is "infrequent and inconsistent" as it comes from selling items on Facebook Marketplace. Objections at 2. In her application, Ardis also reported over $20,000 in personal loans beyond her mortgage.

Although the Magistrate Judge lacked the benefit of Ardis's complete explanations to the questions in the application, Ardis has sufficiently answered them now. The Court is willing to consider those explanations for these purposes and holds her circumstances sufficient to proceed in forma pauperis. She can benefit from section 1915 without having to contribute "the last dollar [she has] or can get." *Adkins*, 335 U.S. at 339. Accordingly, the Court will sustain Ardis's objections to the Report.

Ardis is cautioned, however, future filings and proceedings must be thorough and complete. So long as she proceeds without counsel, she is responsible for ensuring she adequately presents all facts and arguments she wishes to make at the time of any initial filing with the Court.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court sustains Ardis's objections and declines to adopt the Report. Therefore, it is the judgment of the Court Ardis's motion to proceed in forma pauperis is **GRANTED**.

The Court hastens to add its decision here to decline to adopt the Report is based on Ardis's failure to initially provide all the relevant information necessary for an informed decision on her motion to proceed in forma pauperis, as opposed to any error by the learned Magistrate Judge.

3

**IS SO ORDERED.**

Signed this 14th day of April, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE